"White, J.
We think this case is governed by the principle decided in Finckh v. Evers, 25 Ohio St. 82.
.In that case the proposition was laid down, that, in an .action for the recovery of money only, it is error to take judgment by default against the defendant, the summons .against whom has no indorsement upon it of the amount ■claimed, and whose appearance- to the action is not otherwise effected.
In that case the action was founded on an indemnifying bond given to a constable*. In the present case the 'action ¡sounds in tort, and for this reason it is claimed that the rule laid down in Finckh v. Evers does not apply.
The claim of the plaintiff's is that the indorsement on the summons is required only in cases where the plaintiff, on *89 default for answer, is entitled as of right to judgment for the full amount demanded.
It seems to us that this claim is founded on too narrow" a construction of the section of the code requiring the indorsement to be made; and is inconsistent with the implication arising from the last clause of the section, which provides that, if the defendant fail to appear, judgment shall not be rendered for a larger amount than is indorsed on the summons.
The implication is, that judgment may properly be rendered for a less sum than is demanded by the writ.
The terms “ action for the recovery of money only,” as used in the section of the code in question, are, it seems to us, to be understood in the same sense in which they are used in sections 268 and 276, in relation to trial by jury, .and section 557, in relation to costs; and include all actions for the recovery of money only, without regard to whether they sound in contract or tort.
The provision of the' New York code, to which the decisions cited from that state relate, is substantially different from the provision in our code on the subject. The language of the New York code is, “ an action founded on contract, for the payment of money only.”

Leave refused.